In the Matter of the Estate of ELIZABETH BECK, Also Known as ELIZABETH CULBERTSON, Deceased.

Surrogate's Court, Queens County, March 11, 1940.

*John E. Cameron*, for Rose Lachmund, as executrix, etc., petitioner.

*Frank T. Higgins*, for Kate Klumpp.

*William S. Decker*, for Andrew Culbertson.

HETHERINGTON, S. Decedent died on August 21, 1939. There was found among her effects two bank books each in her name " in trust for Kate Klumpp," a sister. One issued by the Lincoln Savings Bank disclosed a balance of $2,106.09, and the other issued by the Williamsburgh Savings Bank of $2,592.57. Except for some jewelry and personal effects, valued at not more than $65, she possessed no other property. Her funeral expenses amount to $436 and remain unpaid. She left a will executed on October 27, 1937, which has been admitted to probate. She named her sister Rose executrix, who seeks, by this proceeding, a determination that the will constitutes a disaffirmance of the trusts and that the moneys on deposit are assets of testatrix's estate. The respondent Klumpp interposed an answer alleging title to the accounts.

The will, in so far as material, provides as follows:

" *Second.* After payment of all my just debts and funeral expenses, I hereby give and bequeath unto my sister, Kate Klumpp of 12 Cyrus Avenue, Garretson Beach, Kings County, New York, the sum of Five ($5.00) dollars, for her own use. My said sister aforesaid has in her possession a Will, under and by virtue of which I

bequeathed all my property to her. I hereby revoke said Will. My reason for doing so is based upon the fact that my sister aforesaid has incurred my ill-feeling by reason of her unfriendly actions.

" *Third.* I hereby give and bequeath all the rest, residue and remainder of my property, of whatsoever nature and description unto my sister, Rose Lachmund of 89–01 202nd Street, Hollis, New York, for her own use."

The facts developed upon the hearing disclose that the account in the Lincoln Savings Bank was opened on December 2, 1920, and stood in testatrix's name in trust for her husband, Edward G. Beck, until his death, and thereafter was transferred to her name. On April 1, 1931, the account was changed to its present form. The other account represents a consolidation of two accounts which, likewise, stood in testatrix's name in trust for her husband, and which, after his death, were merged, on June 4, 1925, in a single account in testatrix's name. On October 30, 1931, the account was changed to its present form. Subsequent to the making of the will, testatrix made fifteen withdrawals from the account in Lincoln Savings Bank and four from the Williamsburgh Savings Bank account. Two deposits of fifty dollars each were made in the Lincoln account.

It is undisputed that the funds were the property of the testatrix and that she dealt with them as her own. There is no proof or claim made that testatrix, in her lifetime, made a valid gift of the bank books to respondent, or that the latter ever had possession of them, or any knowledge of the creation of the trusts. The parties agree that the trusts created by the decedent were tentative and revocable at any time during her lifetime by a direct disaffirmance of the trusts, or by some decisive act or declaration of disaffirmance. They disagree upon the question whether the will constitutes the decisive act or declaration of disaffirmance referred to in *Matter of Totten* (179 N. Y. 112, 125). Many cases holding that a will may be an effective act or declaration or disaffirmance of similar trusts have been called to my attention. It is unnecessary to review them as they present a different state of facts. Generally, they disclose situations where the will refers to the trusts, or contemporaneous acts, or subsequent declarations, by which the intention of the depositor can be established independently of the form of the deposit. Here, the will is silent as to the accounts. The draftsman of the will testified that testatrix did not mention them to him. Unless the declarations contained in the will are sufficient to overcome the presumption that an absolute trust was created, the funds in question belong to the respondent. The will discloses a definite and deliberate intention of the testatrix to disinherit the respondent and *to*

substitute the petitioner as the object of her bounty. It is also evident that she intended her debts and funeral expenses should be paid. These testamentary desires cannot be carried out unless the disputed funds are included as assets of her estate. If the trusts are absolute, respondent takes all, and petitioner nothing. Testatrix plainly intended otherwise. In my judgment the will is a decisive act or declaration of disaffirmance of the tentative trusts, and the language thereof sufficiently overcomes the presumption that absolute trusts were created. Slight, but further, evidence of an intention to deprive the respondent of any interest in the accounts is furnished by the withdrawal slip found in decedent's possession, written out by her in favor of the petitioner for the balance in the Lincoln Savings account. I, therefore, determine that the will constitutes a disaffirmance of the tentative trusts, and that the moneys on deposit in the accounts in controversy are assets of the testatrix's estate and should be paid over to her executrix. Submit decree accordingly, on notice.